FILED

APR 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL E. DIAZ, | No. 14-16520 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00453-SKO |
| v. | |
| RALPH M. DIAZ, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Miguel E. Diaz, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various federal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Diaz consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)), and we affirm.

The district court properly dismissed Diaz's action because Diaz failed to allege facts sufficient to state a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (setting forth requirements for a deliberate indifference claim); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The [Americans with Disabilities Act] prohibits discrimination because of disability, not inadequate treatment for disability."); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

Because the district court dismissed Diaz's action for failure to state a claim, we reject Diaz's contention that the district court abused its discretion by dismissing his action for failure to prosecute or failure to comply with a court order.

**AFFIRMED.**

14-16520